PATRICK LANNAN *vs.* JAMES W. SMITH & Trustees.

A written order, given for a valuable consideration, and addressed by a workman to his employer, requesting him to pay his wages for the ensuing three months, as they become due, to a third person, is, upon its acceptance by the employer, a good assignment of the wages, as against a subsequent attachment by the trustee process, although the workman is paid by the day, and is not hired for any specified time.

Evidence that an order addressed to a manufacturing corporation by a workman in their employ was received by their paymaster, and treated by him as he treated all such orders drawn on the corporation by their workmen, is competent evidence of the acceptance of this order by the corporation.

An assignment of wages to be earned during a specified time, under an existing engagement, made in consideration of necessaries to be furnished to the assignor, if without fraud, will hold the full amount of wages specified, even if supplies to that amount have not been furnished before the service of a trustee process on the employer.

An order by a workman on his employer, dated the thirtieth day of October, and requesting him to pay to a third person the whole amount of the workman's wages " for the ensuing three months," is an assignment of the wages for November, December and January, although the order is drawn on the 2d of October.

TRUSTEE PROCESS, served upon the Boott Cotton Mills, as trustees of the principal defendant, on the 4th of January and again on the 2d of February 1855.

The trustees in their answer disclosed that at the time of the first service they owed the defendant a certain sum, and at the time of the second service a larger sum, for wages earned by him in their employment since the 30th of October 1854; that before the first service they had received from the defendant, this order, signed by him : " Lowell, October 30th 1854. To the paymaster of the Boott Manufacturing Company. Sir : Pay to John McCarty or order the whole amount of my wages for the ensuing three months, as it becomes due to me, and this shall be your receipt for the same," and before the second service a precisely similar order, dated January 30th 1855; and that McCarty claimed the amount remaining in their hands.

The claimant was admitted as a party to the suit, and an issue made between him and the plaintiff, upon the trial of which in the court of common pleas, before *Mellen*, C. J., it appeared " that the defendant was employed by the trustees to work for them by the day, at $1.25 per day; that he commenced work

for them at noon on the 2d of October 1854, and continued to work from day to day, with the exception of lost time, till the May following; that he was not hired for any specified time, but was at liberty to leave at any moment, and the trustees were at liberty to discharge him at any moment."

There was evidence tending to show that the first order was drawn before noon of said 2d of October, and there was also evidence tending to show that it was drawn on the day of its date.    It appeared that the order was left with the paymaster of the trustees at their counting room, and was taken by him; but that he did not promise, orally or in writing, to pay the funds to the claimant.    And the judge, against the plaintiff's objection, admitted evidence "that he, as agent of the company, received the orders, and treated them as he treated all orders given by their operatives on the company."

The judge ruled " that if the orders were given for a valuable consideration, and were made at any time after the defendant had entered into the contract as stated, they would operate as an assignment of the wages earned by the defendant in the employment of the trustees, during the time covered by the orders."

There was evidence tending to show " that at the time the first order was drawn, the defendant desired the claimant to trust him for groceries; that the claimant declined to do so unless the defendant would secure him by an order, saying that if defendant would give him an order, the claimant would furnish him with groceries as he might need, and let him have money to purchase other necessaries for his family; that there were found balances in the claimant's hands of the funds collected by him of the trustees on the said orders, which were from time to time paid over to the principal defendant."    It was also in evidence that the amount in the hands of the trustees was more than sufficient to pay the amount advanced by the claimant to the defendant during the months of November, December and January.

The judge ruled " that the contract, if made in good faith, between the defendant and the claimant, was an entire one; and that, unless it was made with the intent to defraud or delay the

defendant's creditors, the claimant was entitled, as against the plaintiff, to recover the whole funds in the hands of the trustees, whether the claimant had advanced sufficient goods to the defendant to exceed it during the time covered by the order, or not."

It appeared that the claimant had received from the trustees on the first order the defendant's wages for the month of October 1854, and that the defendant was usually paid his wages after the last Saturday in each month. The plaintiff desired the judge to instruct the jury " that there was evidence from which the jury could infer that the order was intended by the parties to cover the defendant's wages during the months of October, November and December." But the judge declined so to instruct the jury, and instructed them " that the order, from its terms, being for the wages earned in November, December and January, was a good assignment of the wages of the defendant for those last named months."

The jury found for the claimant, and the plaintiff alleged exceptions.

*T. H. Sweetser & W. S. Gardner,* for the plaintiff.

*A. R. Brown,* for the claimant.

THOMAS, J. 1. That the wages to be earned under the contract of the defendant with the trustees could be assigned, is well settled. *Hartley* v. *Tapley,* 2 Gray, 566. *Taylor* v. *Lynch,* 5 Gray, 49. The order was, in form, a sufficient assignment of those wages.

2. The evidence of the clerk was as to the course of business in his office with reference to this class of orders, and that this course had been pursued with regard to those in controversy. Upon the question of the acceptance of the order it was competent. Its weight the court was not to determine.

3. The instructions of the presiding judge " that if the orders were given for a valuable consideration, and were made at any time after the defendant had entered into the contract as stated, they would operate as an assignment of the wages earned by the defendant in the employment of the trustees, during the time covered by the orders," were, we think, entirely correct.

4. So also were the instructions that the contract between the defendant and the claimant was an entire one, and if it was for a good consideration, and without fraud, the claimant could hold the entire funds in the hands of the trustees, which were covered by the orders.

5. The construction as to the time covered by the first order was also right. The order was an assignment for the whole amount of his wages for the ensuing three months, and it was dated the 30th of October. *Exceptions overruled.*